Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Lynn Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **EDWARD HENDREX,** ) | |
| ) | **Case No.:** |
| Plaintiff**,** ) | |
| ) | |
| **v.** ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| **VERDE ENERGY,** ) | **JURY TRIAL** |
| ) | |
| Defendant. ) | |
| ) | **(Unlawful Debt Collections Practices)** |
| ) | |

## COMPLAINT

EDWARD HENDREX ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against VERDE ENERGY ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Brick, New Jersey 08724.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 101 Merritt 7, 2nd Floor, Norwalk, Connecticut 06851.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around March 2016, and continuing through at least April 2016, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded message as an automated message identified its company name as the caller before transferring Plaintiff to a live representative.

16. Defendant's telephone calls were not made for "emergency purposes."

17. In early March 2016, when the calls began, Plaintiff revoked any consent that may have been previously given to Defendant to place telephone calls to his cellular telephone number.

18. Furthermore, Plaintiff disputes having ever furnished Defendant with his contact information as he has never engaged in any business with Defendant.

19. Nonetheless, Defendant continued to call Plaintiff on his cellular telephone.

20. Plaintiff repeated his request that Defendant cease calls on numerous occasions thereafter, but the calls continued through April 2016.

21. Upon information and belief, Defendant conducts business in a manner which violates the telephone consumer protection act.

**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, especially after early March 2016, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, EDWARD HENDREX, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EDWARD HENDREX, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: June 8, 2017                By: /s/ Amy Lynn Bennecoff Ginsburg
                                   Amy Lynn Bennecoff Ginsburg, Esquire
                                   Kimmel & Silverman, P.C.
                                   1930 East Marlton Pike, Suite Q29
                                   Cherry Hill, NJ 08003
                                   Phone: (856) 429-8334
                                   Facsimile: (877) 788-2864
                                   Email: aginsburg@creditlaw.com