Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy L. B. Ginsburg, Esq. (AB0891)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD HENDREX, | ) |
| Plaintiff, | ) Case No.: 3:17-cv-04166-FLW-DEA |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| VERDE ENERGY, | ) |
| Defendant. | ) |

# FIRST AMENDED COMPLAINT

EDWARD HENDREX ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VERDE ENERGY ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New Jersey thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Newark, New Jersey 07108.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 101 Merritt 7, 2nd Floor, Norwalk, Connecticut 06851.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9. Plaintiff has a cellular telephone number which he uses as his personal telephone.

10. Plaintiff has only used this number as a cellular telephone number.

11. Beginning in March 2016 and continuing through early April 2016,

Defendant began placing repeated calls to Plaintiff's cellular telephone.

12. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

13. Many of the calls began with a recorded message that identified Defendant by name as the caller before Plaintiff was transferred to a live representative.

14. The Plaintiff also received calls from Defendant that started with noticeable delay or silence when Plaintiff answered the telephone where there was no caller on the line. Then the call either terminated or a representative came on the phone and Plaintiff could speak to someone.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was calling Plaintiff for telemarketing purposes to get Plaintiff to switch energy companies.

16. In early March 2016, Plaintiff spoke with a representative of Defendant, who identified its company by name, and revoked any consent Defendant may have thought it had to to call his cellular telephone number by telling Defendant to stop calling.

17. Furthermore, Plaintiff disputes having ever furnished Defendant with his cellular telephone number as he has never engaged in business with the Defendant.

18. When the Defendant continued to call after Plaintiff told them to stop in March 2016, he told them to stop calling several more times.

19. Nonetheless, Defendant continued to call Plaintiff on his cellular telephone up to three or four times in a single day through April 2016.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

21. Plaintiff found Defendant's repeated calls frustrating, annoying, stressful, invasive, and harassing.

## DEFENDANT VIOLATED
## THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff after it was told to stop calling were made even though Defendant knew it did not have Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, EDWARD HENDREX, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EDWARD HENDREX, demands a

jury trial in this case.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

                                              Respectfully submitted,

DATED: August 3, 2017        /s/ Amy L. B. Ginsburg, Esq.
                                            Amy L. B. Ginsburg, Esq.
                                            Kimmel & Silverman, P.C.
                                            30 East Butler Pike
                                            Ambler, PA 19002
                                            Phone: (215) 540-8888
                                            Facsimile: (877) 788-2864
                                            Email: aginsburg@creditlaw.com